IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| D. RICHARD EMBREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 1:07-cv-531 |
| | ) | |
| CATHERINE A. KAYE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's Motion for Summary Judgment (Dkt. no. 16). Plaintiff Richard Embrey, former Chief Deputy to the Treasurer of the City of Falls Church, Virginia, brought this civil rights action under 42 U.S.C. §1983 alleging that the Treasurer of the City of Falls Church, Catherine Kaye, terminated his employment in violation of his First Amendment rights. Defendant Kaye has moved for summary judgment on the grounds that she did not violate Embrey's First Amendment rights, that Embrey was a policymaker and not entitled to the protections that he seeks, and finally that she is entitled to qualified immunity as a matter of law. Upon careful consideration of the parties' briefs and oral argument, and for the reasons stated in the foregoing memorandum opinion, the Court finds that Defendant Kaye is entitled to qualified immunity and summary judgment is therefore granted.

**I.      Background**

Plaintiff Richard Embrey was the Chief Deputy to the Treasurer of the City of Falls Church ("Treasurer") from September 1992 to November 8, 2006. Embrey supervised the daily operation of the Falls Church City Treasurer's Office for over fourteen years during this time

1

period. He also served as Acting Treasurer of the office from April 2006 until June 2006. Embrey's resume additionally notes that he was an advisor to the Treasurer on policy and procedure matters, as well as a supervisor of full-time and seasonal employees. On July 7, 2006, Treasurer Robert Morrison retired in the middle of his elected term and Deputy Alice Casayuran was appointed Treasurer until a special election could be held. Defendant Catherine Kaye defeated Casayuran in the Democratic caucus, allowing her to run for Treasurer in a special election. In the election, Kaye was opposed by an independent candidate, Margaret Housen. Plaintiff supported Housen's campaign by attending meetings, donating money, placing signs, and writing a letter to the Editor of a Falls Church newspaper in favor of Housen and criticizing Defendant Kaye's campaign. Kaye was elected Treasurer of the City of Falls Church on November 7, 2006.

    The controversy in this case arises from Kaye's decision to immediately terminate Embrey's employment upon taking over the Treasurer's office. Kaye contends that she determined as early as June 2006 that she was going to restructure the Office of Treasurer and appoint her own Chief Deputy. Kaye also claims that she did not give Plaintiff Embrey a specific reason for his termination, nor did the Plaintiff ask for one. However, Embrey contends that Kaye told him that "I'm going to have to let you go, and I assume you know why." Further, Deputy Treasurer Casayuran claims that Kaye indicated she was terminating Embrey because "if he stayed there would be a power struggle and we both know what he did." In the instant action, Plaintiff claims that Kaye, both individually and in her official capacity as Treasurer, terminated him in retaliation for the exercise of the rights of free association and free expression under the First Amendment, as applied to the states through the Fourteenth Amendment. Plaintiff brings

this action pursuant to 42 U.S.C. §1983 and this Court exercises jurisdiction over this matter pursuant to 28 U.S.C. §1331.

## II. Discussion

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a court should accept the evidence of the nonmovant, and all justifiable inferences must be drawn in his or her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Before it would be appropriate to address Embrey's claims on the merits, the Court must address the threshold matter of qualified immunity as instructed by the Supreme Court. *Connor v. McGraw, Nos. 94-1313, 94-1513,* 104 F.3d 358, at *4 (4th Cir. 1996)(*citing Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (holding that district court should have dismissed suit because plaintiff had not overcome defendant's qualified immunity claim); *Torcasio v. Murray*, 57 F.3d 1340, 1352 (4th Cir. 1995)(concluding that courts are to consider as a threshold matter whether officials are entitled to qualified immunity and, only if not entitled, move on to other issues)).

The doctrine of qualified immunity protects government officials from the costs of trial or burdens of discovery when based on bare allegations of malice or the like. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Specifically, the doctrine provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known." *Id*. The Supreme Court has established a two step process for determining whether an official is entitled to qualified immunity: in the light most favorable to the injured party, do the facts show the officer's conduct violated a constitutional right, and if so, was that right clearly established. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). In determining whether a government official should be afforded qualified immunity, a court must rely on the objective reasonableness of the official's conduct as measured by clearly established law, and "should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment." *Harlow,* 457 U.S. at 18.

In this case, Kaye, an elected government official, felt that her chief deputy could be terminated based on her pre-election decision to restructure the office of the Treasurer in order to implement her new agenda in the office. Kaye concedes that she had problems with the Treasurer's Office and Mr. Embrey before the election. These issues arose from her prior direct interactions with Mr. Embrey and negative comments she received on the campaign trail. Kaye, in her deposition testimony, also contends that upon consulting with other constitutional officers, she understood it was her right to change her staff at will. Under First Amendment law, the right which an official is alleged to have violated must be clearly established so that a reasonable official would understand that he or she is violating that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Further, "officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Id.; see also Maciariello v. Summer*, 973 F.2d 295, 298 (4th Cir. 1992). Kaye indicates, and it is undisputed, that she determined in June 2006 that upon restructuring the Treasurer's office, she would appoint a new chief deputy, and that she had

4

already approached Jody Acosta about the job. This determination occurred long before any adverse political action was taken by the Plaintiff in the fall of the same year. In light of these facts, it is clear that Kaye held the objectively reasonable belief that as duly elected government official, she had the right to terminate the employment of her right-hand man, whom she felt was an impediment to her implementing her new agenda. Therefore, Kaye is entitled to qualified immunity.

While Embrey contends instead that he was terminated because he campaigned for Kaye's political opponent, the outcome under our qualified immunity analysis remains the same. If an employee is discharged because of political affiliation, it must be demonstrated that party affiliation is an appropriate requirement for the effective performance of the office involved. *See Elrod v. Burns*, 427 U.S. 347 (1976). As the Fourth Circuit has noted, the "jurisprudence of what offices are legally subject to political patronage terminations has been a burning and unresolved issue that has not been resolved even yet in this circuit, or indeed elsewhere." *Connor*, 104 F.3d at *5. Thus, even if Kaye dismissed Embrey on the basis of political patronage, she held the objectively reasonable belief that his position was subject to political patronage dismissal, since as her right-hand man, he would be responsible for implementing her policies. The facts of this case are strikingly similar as those in the unpublished Fourth Circuit case, *Conner v. McGraw*, 104 F.3d 358 (4th Cir. 1996). In *Connor*, the Defendant, a newly elected County Clerk of the Circuit Court, terminated the employment of the Chief Deputy Clerk, who campaigned for his opponent during his re-election bid. The Defendant gave several different explanations as to the basis of Conner's termination, including that Conner was a policymaker, however, the district court refused to enter summary judgment as it believed that

reason to be contrived. However, the Fourth Circuit vacated the finding of the district court, and found that the Defendant was entitled to qualified immunity under a myriad of factual scenarios, because he held the objectively reasonable belief that his second-in-command could be fired after the election in order to carry out the policies of his campaign, even if it was not the primary reason for the termination. *Connor*, 104 F.3d at *7. Even if Embrey's position was largely administrative in nature, as he argues, his own resume indicates that he was an "advisor to the Treasurer on policy." As previously stated, he also was the Chief Deputy Treasurer for many years and Acting Treasurer from April 2006 until June 2006. Without reaching the decision on whether or not Embrey was in fact a policymaker, it is clear that Kaye held the objectively reasonable belief that he was subject to patronage dismissal. Therefore, Kaye should be granted the protection of qualified immunity because she held the objectively reasonable belief that Embrey was subject to patronage dismissal and did not violate a "clearly established right."[1] The Court will not impose the draconian task of having to determine which rights are clearly established under the doctrine of First Amendment law upon elected officials, who are making termination decisions upon their objectively reasonable beliefs. *Connor*, 104. F.3d at *7; *see also Harris v. Hayter,* 970 F. Supp. 500, 506 (W.D. Va. 1997). Having found that the Defendant

---

[1] Even if the Court were to analyze the case on the basis of a letter written to the editor of the Falls Church newspaper during the campaign, instead of political patronage, the result would still be the same. The jurisprudence in regard to the *Pickering/Connick* balancing test for scrutinizing protected speech is as varied as in the *Elrod* line of cases. *See Pickering v. Board of Educ.*, 391 U.S. 563 (1968); *Connick v. Myers*, 461 U.S. 138 (1983). The Fourth Circuit has observed that the balancing test is difficult to apply and that the right to terminate certain employees for political speech is not clearly established. *Connor,* 104 F.3d at *6. As such, an elected official acting on their reasonable belief would not be violating a "clearly established" constitutional right when terminating an employee for such adverse political speech, and would be entitled to the protections of qualified immunity.

Kaye is entitled to summary judgment on the basis of qualified immunity, the Court need not reach the merits of any other claims raised in the complaint or the summary judgment motion.

### III.     Conclusion

For all the reasons aforementioned, we hold that Kaye is entitled to qualified immunity and summary judgment is therefore granted.

ENTERED this 3rd day of April, 2008.

                                                                /s/
                                          Liam O'Grady
                                          United States District Judge

Alexandria, Virginia